**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| PATRICIA APARICIO, *et al.*, | ) | |
| | ) | 3:13-cv-00281-HDM-VPC |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| URS BAUMANN, | ) | |
| | ) | |
| Defendant. | ) | January 21, 2014 |
| | ) | |

This is a case involving a motor vehicle accident in Reno, Nevada, that was filed in the Second Judicial District Court for the District of Nevada and removed to this court based on diversity jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. §§1441(a)-(c) (#1). Now before the court is defendant's motion to determine applicable law (#16).[1] Plaintiffs have not opposed. This motion is construed as a motion for protective order regarding defendant's March 22, 2011 written and oral statements made to his insurance carrier. As discussed below, defendant's motion is granted.

**I. Background**

This case concerns a March 3, 2011 accident that involved plaintiff Patricia Aparicio ("plaintiff"), a Nevada resident, and defendant Urs Baumann ("defendant"), a Canadian who resides in British Columbia. According to defendant's unopposed motion, a police officer took witness statements at the scene, including defendant's statement. On March 16, 2011, defendant's insurer,

---

[1] Refers to the court's docket number.

Insurance Company of British Columbia ("ICBC") received correspondence from plaintiff's counsel advising that she was represented. *Id*. at 3.

On March 16, 2011, while home in British Columbia, defendant contacted ICBC. On March 22, 2011, ICBC sent its agent to defendant's farm in British Columbia. The agent took defendant's oral and written statement. *Id*. at 3-4.

Defendant argues that under British Columbia law, these statements are protected from discovery as work product because the doctrine or privilege is more expansive in Canada than in Nevada. *Id*. at 10. Defendant seeks an order declaring that the British Columbia privilege protects these statements from discovery in this lawsuit. *Id*. at 13.

**II. Discussion & Analysis**

    **A.    Legal Standards**

Federal Rule of Evidence 501 provides that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." The general rule is that a federal court sitting in diversity applies the choice of law rules of the state in which it sits. *See, e.g., Schoenberg v. Exportadora de Sal, S.A. de C.V.*, 930 F.2d 777, 782 (9th Cir. 1991). Thus, here, Nevada's choice-of-law rules apply.

Nevada generally applies the Second Restatement of Conflict of Laws's "most significant relationship" test to tort actions, unless another, more specific section of the Second Restatement applies . . . ." *General Motors Corp. v. Dist. Ct.*, 134 P.3d 111, 116 (Nev. 2006). Section 139, which addresses privileged communications, provides that:

> Evidence that is privileged under the local law of the state which has the most significant relationship with the communication but which is not privileged under the local law of the forum will be admitted unless there is some special reason why the forum policy favoring admission should not be given effect.

Rest. 2d Confl. §139 (2).  In British Columbia, the work-product privilege protects records that came into existence for the dominant purpose of preparing for, advising on, or conducting litigation that was under way or in reasonable prospect at the time the record was created.  *Hamalainen v. Sippola* (1991) 62 B.C.L.R. 2d 254 (BCCA).  Non-attorneys may claim this privilege, and Canadian courts have routinely protected the type of communications at issue here from discovery.  *Id.*; *Romaniuk v. Prudential Insurance Co. of America*, [2000] O.J. No. 1527, ¶ 20; *Keirouz v. Co-Operators Insurance Assn.* (1983), 39 C.P.C. 164, ¶¶ 5-7; [2002] B.C.I.P.C.D. No. 8.

The state with the most significant relationship with the communication at issue is usually the state where the communication took place.  Rest. 2d Confl. §139, Comment e.  A communication includes "an oral interchange between persons . . . a written statement . . .or an inspection . . . of a person or thing."  *Id*.  Where a prior relationship existed between the parties, the state of the most significant relationship usually will be where that relationship was centered.  *Id*.

Whether a special reason not to apply the law of the forum exists depends on the consideration of four factors that are similar to the inquiry set forth in *International Shoe Co. v. State of Wash.*, 326 U.S. 310 (1945):

> (1) The number and nature of the contacts that the state of the forum has with the parties and with the transaction involved;
> (2) The relative materiality of the evidence that is sought to be excluded;
> (3) The kind of privilege involved; and
> (4) Fairness to the parties.

Rest. 2d Confl. §139.

**B.     Analysis**

The court finds that British Columbia has the most significant relationship to the written and oral statements that defendant gave to his insurer, ICBC.  As set forth in defendant's unopposed motion, the statements took place in British Columbia between defendant, a citizen of British

Columbia, and ICBC, his insurer and an insurance company in British Columbia. Moreover, the insurance contract was entered into in British Columbia, which is where defendant resides and where ICBC conducts its business.

Next, the court concludes that the four-part balancing test weighs in favor of applying the British Columbia work-product privilege. Based on the facts set forth in the unopposed motion, the court finds as follows: (1) Defendant has only minimal contacts with Nevada. He briefly visited the forum and had minimal contact with the one plaintiff actually involved in the accident. Otherwise, he owns no property nor has any business or other interests in Nevada, does not regularly visit Nevada, and is a citizen of British Columbia. The communications in question were made in British Columbia to ICBC, which maintains no office, personnel, agents or advertising in Nevada. (2) While the statements are material to the action, under the Restatement, the forum "will be more inclined to give effect to the foreign privilege and to exclude the evidence if the facts that would be established by this evidence could be proved in some other way." Rest. 2d Confl. § 139. Here, plaintiffs' counsel may obtain the information via usual discovery routes such as discovery requests regarding defendant's narrative of the collision, insurance carrier information, and statements to law enforcement. (3) The protection of work product is well established both in the forum and in British Columbia. (4) Fairness weighs in favor of applying the privilege as in British Columbia; both parties to the statements are British Columbia citizens who exchanged the statements in British Columbia, and ICBC regularly relies on this privilege in anticipation of litigation.

Accordingly, this motion is construed as a motion for protective order with respect to the written and oral statements regarding the auto collision at issue that defendant made to ICBC on March 22, 2011, and it is **GRANTED**. Based on the work product privilege as it is applied in British Columbia, defendant shall not be required to produce the above-described statements to plaintiffs.

**IT IS SO ORDERED**.

**DATED:** January 21, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE**